990 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arthur L. SHOOT, Plaintiff,
Merle L. Royse, Plaintiff-Appellant,
v.
Vera ROOP; Lawrence Kincheloe, Warden, Defendants,
James Blodgett, Defendant-Appellee.
 No. 92-35532.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 16, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Merle L. Royse, a Washington state prisoner, appeals pro se the district court's summary judgment in favor of defendant prison officials in his 42 U.S.C. § 1983 action. Royse contends that his first amendment rights have been violated by the Washington State Penitentiary's policy of prohibiting prisoners from receiving most mail order catalogs and making toll-free telephone calls. We have jurisdiction under 28 U.S.C. § 1291, and review de novo. Harper v. Wallingford, 877 F.2d 728, 731 (9th Cir.1989). We affirm.
 
 
 3
 A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). There is no genuine issue of fact if, on the record taken as a whole, a rational trier of fact could not find in favor of the party opposing the motion. Taylor, 880 F.2d at 1045. Conclusory allegations unsupported by factual data are insufficient to defeat a summary judgment motion. Id.
 
 
 4
 Prisoners retain those first amendment rights that are not inconsistent with their status as prisoners or with the legitimate penological goals of the corrections system. Pell v. Procunier, 417 U.S. 817, 822 (1974). Prison regulations affecting a prisoner's first amendment rights are valid if they are reasonably related to legitimate penological interests. Thornburgh v. Abbott, 490 U.S. 401, 413 (1989) (citing Turner v. Safley, 482 U.S. 78, 89 (1987)). The relevant factors in determining whether a regulation is reasonable include: (1) whether there is a valid, rational connection between the regulation and a legitimate and neutral government interest; (2) whether there are alternative means of exercising the asserted constitutional right available to inmates; (3) the impact that accommodation of the asserted right will have on prison staff and other prisoners; and (4) whether the regulation is an exaggerated response to prison concerns, in light of readily available alternatives. Harper v. Wallingford, 877 F.2d 728, 732 (9th Cir.1989); Thornburgh, 490 U.S. at 414-19; Turner, 482 U.S. at 89-91.
 
 Catalog Restrictions
 
 5
 Washington State Penitentiary's policy prohibits most prisoners from receiving mail-order catalogs. Prisoners who have curio permits are allowed to have a small number of current, non-duplicative catalogs offering curio items for sale. Royse has a curio permit, but argues that he should also be able to receive and keep non-curio catalogs in his cell.
 
 
 6
 Analyzed under the factors identified above, this regulation is reasonably related to legitimate penological goals. First, appellees have identified several security-related justifications for the policy, such as avoiding unnecessary paper build-up in inmates' cells, to reduce fire hazards and minimize opportunities to hide contraband materials. Although the regulation does make distinctions based on content, the decision to allow some inmates to possess a limited number of curio catalogs is based on the rehabilitative purpose of curio activities, and thus does not run afoul of first amendment protections. See Thornburgh, 490 U.S. at 415-16 (regulation which distinguishes between publications "solely on the basis of their potential implications for prison security" is technically content-neutral); Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 134-35 (1977) (prison policy forbidding prisoners' union but allowing Alcoholics Anonymous and Jaycees to operate in prison held constitutional because latter groups serve rehabilitative purpose).
 
 
 7
 Second, catalogs from fifteen vendors are available to inmates in common rooms, and inmates can request that a particular catalog be ordered for the prison. Thus, alternative means of access to catalogs are available. Third, appellees have supplied affidavits indicating that the predictable increase in mail activity that would be created by allowing unlimited prisoner access to catalogs would greatly burden the prison mail system. Finally, Royse has not shown any readily available alternative to the existing prison policy. Accordingly, the regulation is reasonably related to legitimate penological interests, and does not violate Royse's first amendment rights. See Turner, 482 U.S. at 89; Harper, 877 F.2d at 732.
 
 Toll Free Telephone Restrictions
 
 8
 Prison policy requires that all telephone calls must be operator-assisted, and must be collect. This prevents prisoners from calling toll free "800" telephone numbers. Royse contends that this restriction prevents him from calling those people and businesses that only have toll free numbers.
 
 
 9
 This regulation also meets the requirements set out in Turner. First, it serves the legitimate government interest of preventing prisoners from ordering contraband materials. Second, inmates are allowed to make collect calls and operator-assisted calls, and so are not denied access to telephones altogether. Third, allowing inmates to make toll free calls would increase the burden on the prison mail system, and on the prison operators who must screen inmate calls. Finally, the alternative suggested by Royse, allowing inmates to make toll free calls, provided they are screened to prevent purchases of contraband, would be both costly and difficult to accomplish. Accordingly, the prohibition on toll free calls does not violate Royse's first amendment rights. See Turner, 482 U.S. at 89; Harper, 877 F.2d at 732.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3